**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| BAKER LEGACY PRESERVATION TRUST (WY), *by its Trustee*, SHAWN BAKER, <br><br> Plaintiff, <br><br> v. <br><br> U.S. BANK TRUST NATIONAL ASSOCIATION, *et al.*, <br><br> Defendants. | No. 26-cv-686 <br><br><br> **MEMORANDUM ORDER** |

**CECCHI, District Judge.**

Before the Court is *pro se* plaintiff Shawn Baker's ("Plaintiff") motions for a temporary restraining order, ECF No. 16 ("TRO Mot."), and for a preliminary injunction,[1] ECF No. 6 ("PI Mot."). For the reasons stated below, the Court will deny Plaintiff's requests for injunctive relief.

On January 21, 2026, Plaintiff filed (1) a complaint against U.S. Bank Trust National Association, the Union County Sherrif, and Coldwell Banker Real Estate Services, LLC ("Defendants") and (2) a motion for a temporary restraining order. ECF No. 1 ("Compl."); ECF No. 2. In the complaint, Plaintiff seeks "declaratory and injunctive relief to restrain ongoing and imminent enforcement of a state-court foreclosure judgment" on the grounds that the plaintiff in the state-court action lacked standing. Compl. ¶¶ 1, 14. As a result, Plaintiff alleges that the state court exercised "judicial power" in the absence of "a case or controversy." *Id.* ¶ 3; *see id.* ¶ 19.

On January 23, 2026, the Court denied Plaintiff's request for a temporary restraining order. ECF No. 5 ("TRO Order"). Now, Plaintiff again seeks emergency injunctive relief "[e]njoining Defendants . . . from enforcing, processing, managing, marketing, transferring, conveying, or commercializing the subject property." PI Mot. at 4; *see also id.* at 7–8; ECF No. 9 ("First Suppl.

---

[1] Mr. Baker brings this action on behalf of Baker Legacy Preservation Trust (WY).

Br.") at 2, 5; ECF No. 10 at 2; ECF No. 12 at 2.  In support of his motion for preliminary injunctive relief, Plaintiff indicates that the Union County Sherrif has "scheduled execution of the Writ of Possession" issued by the state court for May 7, 2026, at 10:00 AM.  ECF No. 14 at 2; ECF No. 15 at 2.  Plaintiff also seeks a temporary restraining order given the May 7 execution date.  TRO Mot. at 4, 9 (requesting that the Court reinstate Plaintiff's preliminary injunction motion for "immediate consideration" and issue a temporary restraining order "preventing execution of the Writ of Possession"); *see also* ECF No. 18.

The Court will deny Plaintiff's requests for a temporary restraining order and for a preliminary injunction.  Preliminary injunctive relief is "'never awarded as of right,' but rather . . . involves the exercise of 'equitable discretion.'"  *Transcon. Gas Pipe Line Co. v. Pa. Env't Hearing Bd.*, 108 F.4th 144, 150 (3d Cir.) (citation omitted), *amended on denial of reh'g*, 110 F.4th 612 (3d Cir. 2024); *see Russel Williams Home Servs. LLC v. Minleon Int'l (USA) Ltd. LLC*, No. 25-1665, 2025 WL 3651915, at *1 (M.D. Pa. Dec. 17, 2025) ("The standard for obtaining a TRO is the same as the standard for obtaining a preliminary injunction.").  In exercising this discretion, the Court considers the following four factors: (1) the movant's likelihood of success on the merits, (2) the movant's risk of irreparable injury absent preliminary relief, (3) the balance of equities, and (4) the public interest.  *See Transcon. Gas*, 108 F.4th at 150.  If the movant fails to show either of the first two factors, the Court may not issue preliminary injunctive relief.  *Id.* (citing *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017)).  However, if the movant establishes both of the first two factors, the Court then balances all four factors.  *Id*. at 150–51.

Here, Plaintiff has not established a likelihood of success on the merits for several reasons. First, the Court again finds that *Rooker-Feldman* likely divests the Court of subject-matter

2

jurisdiction over this suit.[2]  *See* TRO Order at 3–5.  *Rooker-Feldman* applies when (1) "[t]he federal plaintiff [lost] in a state-court judicial proceeding," (2) "[t]he state-court judgment" was "rendered before the federal action was filed," (3) "[t]he federal plaintiff . . . invite[s] the review and rejection of the state-court judgment," and (4) "[t]he federal plaintiff . . . complain[s] of injuries caused by the state-court judgment."  *Merritts v. Richards*, 62 F.4th 764, 774 (3d Cir. 2023).

In seeking preliminary injunctive relief, Plaintiff questions whether Defendants' enforcement "authority" has "been judicially determined," PI Mot. at 6; *see* First Suppl. Br. at 2; TRO Mot. at 3, 8—*i.e.*, whether Defendants may enforce a judgment from a state-court foreclosure action "that was commenced without standing at [its] inception," Compl. ¶ 1.  Therefore, Plaintiff—who previously lost in state court before filing this action—seeks "jurisdictional review" of the state court's foreclosure judgment to "restrain ongoing and imminent enforcement of [that] judgment" because such enforcement will allegedly injure him.  *Id*. ¶¶ 1, 28–29.  To restrain this "imminent enforcement" and forestall Plaintiff's alleged injury, the Court would need to find that the state court acted in error by issuing the foreclosure judgment.  *Id.* ¶ 1.  Accordingly, *Rooker-Feldman* likely bars Plaintiff's suit.[3]  *See, e.g.*, *Cushing v. Greentree Mortg. Co., LP*, No. 24-5742, 2025 WL 318059, at *5 (D.N.J. Jan. 28, 2025); *Johnson v. Wells Fargo Bank, N.A.*, No. 23-1376, 2024 WL 1235546, at *2–3 (E.D. Pa. Feb. 15, 2024); *Lewis v. Pennymac Corp.*, No. 16-1514, 2016 WL 2901707, at *3 (D.N.J. May 18, 2016), *aff'd sub nom. Lewis v. O'Donnell*, 674 F.

---

[2] A federal court must always have subject-matter jurisdiction and thus may examine whether *Rooker-Feldman* bars a plaintiff's claims.  *See* TRO Order at 3 n.1.

[3] As explained herein, Plaintiff seeks "jurisdictional review" of the state court's foreclosure judgment, Compl. ¶ 29, notwithstanding his assertion in his briefing to the contrary, *see, e.g.*, PI Mot. at 3; First Suppl. Br. at 2; *see Guerrero v. Bensalem Racing Ass'n, Inc.*, 25 F. Supp. 3d 573, 584 (E.D. Pa. 2014) ("A manufactured effort to redefine the relief sought cannot circumvent the *Rooker-Feldman* bar." citation omitted)).

App'x 234 (3d Cir. 2017); *Buchel v. Option One Mortg. Corp.*, No. 10-1079, 2010 WL 4878741, at *4 (D.N.J. Nov. 24, 2010).

Second, the Court finds that issue preclusion likely prevents Plaintiff from relitigating the issue at the center of this suit: whether the plaintiff in state court lacked standing to obtain a foreclosure judgment.[4] "[I]ssue preclusion 'bars successive litigation of an issue of fact or law that was actually litigated, resolved in a valid court determination, and essential to that prior judgment . . . .'" *Aura Invs., LLC v. Romspen Mortg. Ltd. P'ship*, No. 24-3255, 2025 WL 3084758, at *3 (3d Cir. Nov. 4, 2025) (citation omitted). The doctrine "precludes relitigation of an issue already decided by a New Jersey court when: (1) the issue is identical; (2) the issue was actually litigated; (3) the previous court issued a final judgment on the merits; (4) determination of the issue was essential to the judgment; and (5) the party against whom estoppel is asserted was a party or in privity with a party to the prior proceeding." *Oshri v. PNC Bank, Nat'l Ass'n*, No. 20-3248, 2022 WL 58544, at *2 (3d Cir. Jan. 6, 2022).

All five elements are likely satisfied, because Plaintiff litigated the standing issue presently before this Court in state court and that litigation led to a final judgment on the merits. Specifically, the New Jersey Superior Court granted summary judgment against Plaintiff (as the defendant in state court) on September 16, 2024.[5] *See U.S. Bank Tr. Nat'l Ass'n v. Baker* ("*Baker*"),[6] SWC-F-001083-24 (N.J. Super. Ct. Sept. 16, 2024), CHC2024285937 at 4. And although Plaintiff "did

---

[4] The Court may raise issue preclusion *sua sponte*. *See Kwanzaa v. Tell*, No. 19-16052, 2024 WL 2991194, at *6 (D.N.J. June 14, 2024); *Lall v. Hoover*, No. 20-1018, 2020 WL 7241170, at *4 (M.D. Pa. Dec. 9, 2020) ("[T]he court finds that it is appropriate to raise the issue preclusion doctrine *sua sponte* to avoid unnecessary judicial waste.").

[5] The Court can take judicial notice of filings in the state court action for the purpose of analyzing issue preclusion. *See Castaneira v. Fox*, No. 25-361, 2025 WL 2934037, at *1 n.3, *5–6 (M.D. Pa. Oct. 15, 2025) (taking judicial notice of a state-court decision and denying a motion for a temporary restraining order and a preliminary injunction based on issue preclusion).

[6] The state-court action was previously captioned "Plaza Home Mortgage, Inc. v. Shawn Baker." *See* SWC-F-001083-24 (N.J. Super. Ct. Mar. 14, 2024), CHC202586674.

not file a brief, affidavit, or statement of material facts to oppose" the summary judgment motion, *id.*, Plaintiff sought to vacate the court's grant of summary judgment, *see Baker*, SWC-F-001083-24 (N.J. Super. Ct. Oct. 17, 2024), CHC2024319515 at 1–2.  In his motion to vacate, Plaintiff argued that the state-court plaintiff "did not have standing to foreclose."  *Id.* at 2.  In denying Plaintiff's motion to vacate, the Superior Court found that Plaintiff had "fail[ed] to cite or show any supporting evidence that proves his allegation," nor had he provided "any evidence that [the state-court plaintiff] d[id] not have possession of the note and mortgage, tha[t] they were not properly assigned to [the state court plaintiff], or that the mortgage was incorporated into a security."  *Id.* at 6.  As such, the Superior Court found that Plaintiff had failed to present a "meritorious defense" via his standing argument and denied Plaintiff's motion to vacate the state court's summary judgment decision.  *Id.* at 6–7.

Plaintiff then asked the Superior Court to reconsider its denial of his motion to vacate.  *See Baker*, SWC-F-001083-24 (N.J. Super. Ct. Nov. 22, 2024), CHC2024359732 at 1–2.  Plaintiff again raised the standing issue, which the state court rejected in denying reconsideration on (and upholding) its summary judgment decision.  *Id.* at 2–3.

Plaintiff then moved to dismiss the state-court action.  *See Baker*, SWC-F-001083-24 (N.J. Super. Ct. Dec. 20, 2024), CHC2024387927 at 1–2.  In that motion, Plaintiff argued that the state-court plaintiff lacked "standing" and that the absence of standing was "crucial to [the] foreclosure."  *Id*.  The Superior Court denied Plaintiff's motion to dismiss, finding that his "arguments for lack of standing" did "not defeat" the state-court plaintiff's "right to foreclose."  *Id.* at 4.  The Superior Court also noted that it had "already granted summary judgment on the[] issues [raised by Plaintiff], then upheld that decision twice."  *Id.*  Then, approximately six months later, the Superior Court issued a "final judgment" against him (individually and as trustee of Baker Legacy

Preservation Trust) allowing for the sale of the subject property. *See Baker*, SWC-F-001083-24 (N.J. Super. Ct. June 12, 2025), CHC2025187545. Thereafter, by order dated March 19, 2026, the Superior Court denied Plaintiff's application for an order to show cause with temporary restraints to enjoin the "enforcement of the Writ of Possession," wherein Plaintiff again raised the state-court standing issue. *Baker*, SWC-F-001083-24 (N.J. Super. Ct. Mar. 19, 2025), CHC202690337 at 1; *see also Baker*, SWC-F-001083-24 (N.J. Super. Ct. Mar. 4, 2025), CHC202671929. And finally, on April 30, 2026, the Appellate Division of the New Jersey Superior Court denied Plaintiff's motion for a stay. *See* ECF No. 17, Ex. B.

As such, Plaintiff seeks "to relitigate *precisely* the issue that [he] litigated" in state court and was settled "by [and essential to] a final judgment in state court." *Aura Invs.*, 2025 WL 3084758, at *3; *see also Kliesh v. Select Portfolio Servicing Inc.*, 419 F. App'x 268, 271 (3d Cir. 2011); *Johnson v. Invalid Lien on 2285 Bryn Mawr Ave. Phila., PA 19131*, No. 26-36, 2026 WL 243931, at *4 (E.D. Pa. Jan. 29, 2026) (holding that issue preclusion barred plaintiff's complaint where plaintiff's "central theme" was "her belief Wells Fargo did not have standing to foreclose on her property" and the "Philadelphia County Court of Common Pleas [had] already decided th[e] issue"); *Graham v. Select Portfolio Servicing, Inc.*, 156 F. Supp. 3d 491, 506 (S.D.N.Y. 2016) ("[I]t is clear that the issue of standing was necessarily decided by the state court because without deciding that U.S. Bank had standing, the foreclosure action could not have proceeded."). Therefore, the doctrine of issue preclusion likely prevents Plaintiff from raising the state-court standing issue, the issue on which all of his federal claims rest.

Third, the Anti-Injunction Act ("AIA"), 28 U.S.C. § 2283, likely bars the relief Plaintiff seeks. The AIA "prohibits most federal court injunctions staying state[-]court proceedings." *Farzan v. Bayview Loan Servicing LLC*, No. 25-50, 2025 WL 2642314, at *10 (D.N.J. Sept. 15,

6

2025) (citation omitted); *see Norton v. Adams*, No. 25-1216, 2025 WL 1951936, at *1 (M.D. Pa. July 10, 2025) ("Courts in this [C]ircuit have declined to issue preliminary injunctive relief to enjoin aspects of state court foreclosure proceedings, . . . finding that the [AIA] prohibits such relief."). The AIA permits a federal court to enjoin state court proceedings in only three limited situations: "[1] as expressly authorized by Act of Congress, or [2] where necessary in aid of its jurisdiction, or [3] to protect or effectuate its judgments." 28 U.S.C. § 2283.

Plaintiff asks the Court to enjoin defendants from "taking possession of . . . real property"; "[e]ntering upon, managing, marketing, listing, leasing, transferring, conveying, or otherwise exercising dominion or control over the property"; and "[r]ecording, filing, or causing to be recorded any deed, instrument, or document purporting to transfer or affect possessory or ownership interests in the property." PI Mot. at 8. Plaintiff categorizes this injunction as "preserv[ing] the status quo pending a determination of whether Defendants have demonstrated present authority to enforce, possess, or control the subject property." *Id.*; *see also* TRO Mot. at 4 ("Enter a Temporary Restraining Order preventing execution of the Writ of Possession"). Thus, the relief he seeks (1) is aimed directly at foreclosure proceedings and (2) does not fall into any of the AIA's limited exceptions.[7]  *See McShane v. Morris*, No. 21-1505, 2021 WL 3929747, at *6 (M.D. Pa. Sept. 2, 2021) (denying "request for injunctive relief preventing [plaintiff's] September 5, 2021[,] eviction from the subject property by the Sheriff's Office" in part on AIA grounds);

---

[7] To be clear, the Court finds the AIA's second exception inapplicable. "[A]n injunction is necessary in aid of a court's jurisdiction only if some federal injunctive relief may be necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prods. Liab. Litig.*, 369 F.3d 293, 306 (3d Cir. 2004). Because the Court finds that *Rooker-Feldman* and issue preclusion likely bar this suit, an injunction is unnecessary to protect the Court's flexibility and authority to decide the case. Moreover, Plaintiff's "filings do not establish a plausible basis for concluding that any of [the AIA's] exceptions exist here." *Young v. U.S. Bank Nat'l Ass'n*, No. 24-2315, 2024 WL 2925967, at *3 (E.D. Pa. June 10, 2024).

*Jung v. Bank of Am., N.A.*, No. 16-704, 2016 WL 5928822, at *2 (M.D. Pa. Aug. 2, 2016), *report and recommendation adopted sub nom. Jung v. Bank of Am.*, No. 16-704, 2016 WL 5928805 (M.D. Pa. Oct. 11, 2016).

*        *        *

Likelihood of success on the merits is a "gateway" factor for preliminary injunctions and temporary restraining orders. *Reilly*, 858 F.3d at 179. Because Plaintiff has failed to show that his chances of winning at trial are "significantly better than negligible," the Court may not issue the temporary restraining order or preliminary injunction he seeks.[8] *Id.*

Accordingly, **IT IS** on this 5th day of May 2026;

**ORDERED** that Plaintiff's motion for a temporary restraining order (ECF No. 16) is **DENIED** without prejudice; and it is further

**ORDERED** that Plaintiff's preliminary injunction motion (ECF No. 6) is **HEREBY REINSTATED**; and is it finally

---

[8] Even if the Court could reach the merits of his claims, Plaintiff has not shown that he is likely to succeed on any one of his claims at trial. The crux of Plaintiff's suit is that the state court lacked judicial power to issue the foreclosure judgment because the state-court action "was commenced without standing at inception." Compl. ¶¶ 1, 24. He alleges that, "[a]t the time the foreclosure complaint was filed, the plaintiff of record [1] did not hold the note, [2] did not receive a recorded assignment of the mortgage, and [3] did not suffer an injury in fact sufficient to invoke judicial power." *Id.* ¶ 14. Those first two allegations appear to reference New Jersey's standing principles for foreclosure actions. *See Bank of Am., Nat'l Ass'n v. R.H. Surgent, LLC*, No. A-0007-19, 2022 WL 3905911, at *10 (N.J. Super. Ct. App. Div. Aug. 31, 2022). But, absent an independent federal hook, federal courts do not police state-court decisions for compliance with state standing principles. *See Ross v. Essex Cnty. Ct.*, No. 23-3122, 2023 WL 4864297, at *2 (D.N.J. July 31, 2023) ("Absent some violation of federal law, the federal courts do not sit to review errors in state court proceedings."). Moreover, Plaintiff has not plausibly alleged that the state-court proceedings were constitutionally inadequate. *See City of Phila. v. Hempstead Props., LLC*, No. 23-2434, 2024 WL 1620792, at *3 (E.D. Pa. Apr. 15, 2024). As for Plaintiff's third allegation, "injury in fact" is a necessary element of Article III standing. *Uzuegbunam v. Preczewski*, 592 U.S. 279, 285 (2021). But Article III's standing requirements—which apply only in federal court—are stricter than the standing requirements in New Jersey state courts. TRO Order at 3.

**ORDERED** that Plaintiff's preliminary injunction motion (ECF No. 6) is **DENIED** without prejudice.

**SO ORDERED**.

*/s/ Claire C. Cecchi*
**CLAIRE C. CECCHI, U.S.D.J.**